UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID LEIBLE,

                            **Plaintiff,**

v.                                                      13-CV-00047A(Sr)

**THE GOODYEAR TIRE & RUBBER COMPANY**

and

**MATERIAL CONTROL INC.,**

                            **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all further proceedings, including the entry of final judgment. Dkt. #13.

Currently before the Court are defendants' motions for summary judgment on their affirmative defenses asserting lack of standing and judicial estoppel. Dkt. #32 & Dkt. #39. For the following reasons, the motions are granted.

## BACKGROUND

Plaintiff alleges that he sustained a personal injury on June 15, 2010 while delivering materials to Goodyear Dunlop Tires North America, Ltd. ("Goodyear Dunlop"), during the course of his employment with United Parcel Service. Dkt. #35,

¶ 2.[1]  Plaintiff received workers' compensation payments following his injury.  Dkt. #35, ¶¶ 29-31.

On May 12, 2011, plaintiff filed a voluntary petition for personal bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of New York.  Dkt. #35, ¶ 15. Plaintiff did not include a personal injury claim on his schedule of assets but testified at his deposition that he believed that the bankruptcy court was "aware of the lawsuit."  Dkt. #35, ¶¶ 18 & 27.

On October 20, 2011, the Bankruptcy Court entered an Order granting plaintiff a discharge in bankruptcy.  Dkt. #35, ¶ 21.

Plaintiff's amended schedule of assets, dated November 1, 2011, does not include a personal injury claim. Dkt. #35, ¶ 22.

A final decree was issued on February 27, 2012.  Dkt. #35, ¶ 24. Plaintiff avers that prior to this date, he advised his bankruptcy attorney that he was pursuing a claim against Goodyear Dunlop for personal injury.  Dkt. #38-1, ¶ 9.  Plaintiff further

---

[1] Dkt. #35 is defendants' statement of undisputed material facts which were not controverted by plaintiff. "When a party has moved for summary judgment . . . and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *See Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

avers that he did not know that he was required to list his personal injury claim on his schedule of assets and that his bankruptcy attorney, although aware of his personal injury claim, failed to instruct him to do so. Dkt. #38-1, ¶¶ 10-11.

On November 13, 2012, plaintiff commenced this action against Goodyear Dunlop in New York State Supreme Court, County of Erie, alleging serious personal injury as a result of the negligence of Goodyear Dunlop. Dkt. #1.

On January 14, 2013, Goodyear Dunlop removed the action to this Court on the basis of diversity jurisdiction. Dkt. #1.

On April 11, 2014, the Court granted plaintiff's motion for leave to amend the complaint to join Material Control, Inc. ("MCI"), as a defendant. Dkt. #25. The amended complaint alleges a contract between Goodyear Dunlop and MCI in which MCI assumed responsibility for the maintenance of the loading docks where plaintiff was injured. Dkt. #27.

## DISCUSSION AND ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" only if it has

some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991). The district court must view the evidence in the light most favorable to the non-moving party, and must draw all reasonable inferences in that party's favor. *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

Standing

Defendants argue that plaintiff's failure to disclose his personal injury claim on the schedule of assets filed with the bankruptcy court divests him of standing to pursue this action. Dkt. #34.

11 U.S.C. § 541(a)(1) defines the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case, including any causes of action possessed by the debtor." *Seward v. Devine,* 888 F.2d 957, 963 (2d Cir. 1989); *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) (per curiam) ("Every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541."), *cert. denied*, 555 U.S. 1213 (2009). "[I]t is established that such interests include causes of action possessed by the debtor at the time of filing." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 484 (2d Cir. 2014).

Bankruptcy petitioners "have an affirmative obligation to disclose all assets to the bankruptcy court, including all causes of action that can be brought by the debtor." *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp.2d 233, 259 (S.D.N.Y. 2014), *quoting Coffaro v. Crespo*, 721 F. Supp.2d 141, 145 (E.D.N.Y. 2010). "Case law confirms that the disclosure requirements under the bankruptcy code are written and cannot be discharged orally." *Ibok v. SIAC-Sector Inc.*, No. 05 Civ. 6584, 2011 WL 293757, at *5 (S.D.N.Y. Feb. 2, 2011), *aff'd* 470 Fed. Appx. 27 (2d Cir. 2012) ("oral disclosure of . . . lawsuit insufficient to satisfy . . . disclosure obligations under the bankruptcy code"), *citing Kunica v. St. Jean Financial, Inc.*, 233 B.R. 46, 57 (S.D.N.Y. 1999) ("informal, oral disclosure is insufficient and is not a substitute for the mandatory filing of formal Schedules.").

"Because full disclosure by debtors is essential to the proper functioning of the bankruptcy system, the Bankruptcy Code severely penalizes debtors who fail to

disclose assets: While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed." *Chartschlaa*, 538 F.3d at 122. As a result, even after discharge of the bankruptcy estate, the debtor lacks standing to pursue a claim that he failed to disclose in his bankruptcy schedules. *Coffaro*, 721 F. Supp.2d at 148 (collecting cases); *Rosenshein v. Kleban*, 918 F. Supp. 98, 102-03 (S.D.N.Y. 1996). As there is no dispute that plaintiff received a discharge in bankruptcy without disclosing his personal injury claim on the schedules filed with the bankruptcy court, plaintiff lacks standing to pursue this claim.

Judicial Estoppel

Plaintiff requests a stay of this action to allow him to petition the bankruptcy court to reopen the proceedings and disclose his personal injury claim. Dkt. #38, ¶¶ 1 & 7. Plaintiff argues that his failure to disclose his personal injury claim was a good faith mistake based upon attorney error and that he had no motive to conceal his personal injury claim. Dkt. #38, ¶¶ 2 & 4-6.

Defendants argue that judicial estoppel should bar plaintiff from pursuing this action. Dkt. #34. Defendants argue that plaintiff was aware of his personal injury claim and had motive to conceal it from the bankruptcy court so as to avoid any recovery being claimed by his creditors. Dkt. #46. Defendants oppose affording plaintiff an opportunity to reopen the bankruptcy proceeding. Dkt. #46.

The purpose of judicial estoppel is to protect the integrity of the courts by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). It is an equitable doctrine that can be invoked by a court at its discretion when a party's later position is clearly inconsistent with its earlier position and the party's former position has been adopted in some way by the court in the earlier proceeding. *Id.* at 750; *Adelphia Recovery Trust v. Goldman, Sachs & Co.*, 748 F.3d 110, 116 (2d Cir. 2014) (noting that a third consideration, that the party asserting the two positions would derive an unfair advantage against the party seeking estoppel, is not mandatory). The doctrine is commonly applied to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy. *Ibok*, 470 Fed. Appx. at 28; *Whitehurst,* 998 F. Supp.2d at 247; *Azuike v. BNY Mellon*, 962 F. Supp.2d 591, 598 (S.D.N.Y. 2013); *Coffaro*, 721 F. Supp.2d at 148; *Rosenshein*, 918 F. Supp. at 104.

Judicial estoppel should not bar an action when the initial statement or position was the result of "a good faith mistake or an unintentional error." *Mitchell v. Washingtonville Cent. Sch. Dist*., 190 F.3d 1, 6 n.2 (2d Cir. 1999), *quoting Simon v. Safelite Glass Corp*., 128 F.3d 68, 71 (2d Cir. 1997). This exception is narrowly applied: "failure to disclose assets will only be deemed inadvertent or due to mistake when either the debtor has no knowledge of the claims or no motive to conceal the claims." *Coffaro*, 721 F. Supp.2d at 146, *quoting Galin v. I.R.S.*, 563 F. Supp.2d 332, 340 (D. Conn. 2008).

Inasmuch as plaintiff affirms that he discussed his personal injury claim with his bankruptcy attorney, he cannot claim lack of knowledge of the claim during the course of his bankruptcy proceedings. Moreover, plaintiff clearly had motive to conceal the claim from the bankruptcy estate so as to pursue it for his own benefit following the discharge of his debts. Finally, courts have determined that "legal advice and ignorance of the law are not defenses to judicial estoppel." *Whitehurst*, 998 F. Supp.2d at 260, *quoting Galin*, 563 F. Supp.2d at 341; *See Negron v. Weiss*, No. 06 Civ. 1288, 2006 WL 2792769, at *5 (E.D.N.Y. Sept. 27, 2006) ("debtor in bankruptcy is bound by her own representations, no matter why they were made . . . remedy for bad legal advice lies in malpractice litigation against the offending lawyer"), *quoting Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir.), *cert. denied*, 549 U.S. 1099 (2006). As a result, judicial estoppel precludes plaintiff from pursuing his personal injury claim against defendants.

## CONCLUSION

For the reasons set forth above, defendants' motions for summary judgment (Dkt. #32 & Dkt. #39), are granted.

**SO ORDERED**.

**DATED:** **Buffalo, New York**
**September 18, 2015**

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**